## Pomerantz v. Rafferty

*Alex Marcus*, for plaintiffs.

*S. Augustus Davis* and *Robert O'Brien*, for defendants.

HOBAN, P. J., December 28, 1955.—Complaint in equity seeking an injunction to restrain defendants from preventing plaintiffs, their agents and workmen, from entering on defendants' land for the purpose of making repairs to *plaintiffs'* building situated on a lot adjoining defendants' premises. The complaint avers that the condition of the side wall of plaintiffs' building nearest to the property line between plaintiffs' and defendants' property has deteriorated to the point where the siding and wall of plaintiffs' building constitute a dangerous nuisance to the menace of the safety of persons living in the respective properties and to the general public in the vicinity, that plain-

tiffs have sought permission from defendants, with guarantees of proper safeguards and assurance against damage to defendants' property, to enter on defendants' property for the purpose of making necessary repairs but defendants have consistently refused for over 13 years to permit such entry.

The answer sets forth that the only apparent deterioration to plaintiffs' building is on the exterior surface adjacent to defendant's premises, that the building is true and plumb, that such visible deterioration is that normal to the passage of time, that the building may be repaired without encroaching on defendants' land and that plaintiffs having shown no right in defendants' land the court is asked to sanction an illegal invasion of defendants' property rights to their own land.

A rule for a preliminary injunction was granted, a hearing held and the rule discharged for want of a showing of imminent damage. The case subsequently was heard on bill, answer and testimony. From the pleadings and the evidence we make the following:

### Findings of Fact

1. Plaintiffs and defendants are the owners of adjoining lots situated on Madison Avenue in the City of Scranton. The plaintiffs' land is improved with a three-story frame apartment building, with a store on the first floor. The defendants' land is improved with a two-family frame dwelling, of the kind designated as a double house.

2. There is an unoccupied or open space between the two buildings of approximately five feet; approximately 3½ feet of this space is defendants' land and approximately 1½ feet is plaintiffs' land.

3. Plaintiffs have not claimed or attempted to prove that they possess any right or easement in defendants' land.

4. Plaintiffs have not proved that their building is in a condition that is dangerous to themselves, their tenants, defendants or to the general public.

5. It would be possible to rebuild the wall by working entirely within plaintiffs' property, but at a greater cost than making the repairs by using defendants' land.

6. Some time between the preliminary and final hearings in this case Solomon Pomerantz, one of the plaintiffs, ordered the painters painting defendants' house to "get off" the land between the two buildings and insisted the painters stop work and remove their ladders.

7. The side wall of plaintiffs' property was erected or extended to its present length in 1924 and at that time covered with a stucco preparation. By action of time and the elements practically all of the stucco has fallen off, laths are exposed and in some of the wall area unprotected by underlying sheet rock or building paper, the sheeting has separated. The consequence is that in certain portions rain seeps through the wall and causes cracking and deterioration of interior plastering, with resulting dampness and inconvenience to the occupants of the premises.

8. To effect required repairs to the wall by working from the outside would require a working space of four feet.

9. Plaintiffs in open court offered to provide a suitable indemnifying bond to protect defendants' property against any damage thereto if defendants consented to or the court decreed a permissible entry on defendants' property for the purpose of making repairs.

### Discussion

That plaintiffs' property is sadly in need of repairs is quite apparent, and that the owners and occupying

tenants are put to inconvenience and constant expense for temporary repairs is likewise apparent. But none of the building experts will confirm plaintiffs' theory that there is any imminent danger to the occupants of the property or to the public by reason of the present condition. All agreed that progressive deteroriation to the side wall is probable, but all likewise agreed that any estimate as to the structural safety of the building would be speculative.

In our opinion discharging the rule for preliminary injunction, May 8, 1953, we held that plaintiffs failed to show any reason of private necessity to warrant exercising a privilege to enter defendants' land. See Restatement of the Law of Torts, §197. There is nothing in the testimony taken on final hearing two years later to warrant holding that such a justification now exists.

Under the circumstances, a decree compelling defendants to permit such entry would amount to confiscation for private benefit, obviously an action beyond the power of any equity court.

There is no showing of public nuisance. If there were support for such a theory, the public, through the District Attorney or the Attorney General would have to be a party.

The situation as between neighbors is unfortunate, but we cannot use our equity powers to destroy established property rights.

### Conclusions of Law

1. Plaintiffs have no right, title or easement in the land of defendants.

2. Plaintiffs' building is not, as a matter of law, a hazard to the general public, or to those living in the neighborhood.

3. Plaintiffs' building is not a public or private nuisance.

4. The strong arm of injunction will be used to uphold only a clearly proven right, and will not be used to enforce the type of privilege described in the Restatement of the Law of Torts, §197.

5. To grant the injunction as prayed for would be giving plaintiffs a temporary easement in defendants' land.

6. Where the public are not interested, the government cannot take the property of one citizen for the mere purpose of transfer to another, even if there is full consideration.

7. The court is without power to grant the injunction prayed for.

### Decree Nisi

And now, December 28, 1955, it is ordered that the complaint in equity be dismissed and the prothonotary is directed to enter judgment in favor of defendants and against plaintiffs. The respective parties are to pay their own costs.